**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Ronald MJ Gregg, Appellant.

Appellate Case No. 2019-001954

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2022-UP-336
Submitted July 27, 2022 – Filed August 10, 2022

**REVERSED AND REMANDED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:** Ronald MJ Gregg appeals his commitment to the Department of Mental Health pursuant to the Sexually Violent Predator Act.[1] On appeal, Gregg challenges the circuit court's finding that the State's expert could testify about the results of his penile plethysmography (PPG). He argues the PPG he underwent was

---

[1] S.C. Code Ann. §§ 44-48-10 to -170 (2018).

unreliable. We agree and accordingly reverse and remand pursuant to Rule 220(b), SCACR.

We hold the circuit court abused its discretion in finding the PPG testimony was admissible. There was no evidence the Limestone certification standards had been subjected to peer review and/or found reliable. There was also no evidence MUSC's PPG procedures had been subjected to peer review and/or found reliable. Finally, there was no evidence the Real Child Voices stimulus set had been subjected to peer review and/or found reliable. *See State v. Jackson*, 384 S.C. 29, 34, 681 S.E.2d 17, 19 (Ct. App. 2009) ("The admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may only disturb a ruling admitting or excluding evidence upon a showing of a manifest abuse of discretion accompanied by probable prejudice."); *In re Gonzalez*, 409 S.C. 621, 628, 763 S.E.2d 210, 213 (2014) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *In re Bilton*, 432 S.C. 157, 166, 851 S.E.2d 442, 446 (Ct. App. 2020) ("Reliability is one of the three things a South Carolina court *must* assess before an expert's testimony is admitted."); *Watson v. Ford Motor Co.*, 389 S.C. 434, 450, 699 S.E.2d 169, 177 (2010) ("[F]actors that the trial court should consider when determining . . . reliab[ility are]: '(1) the publications and peer review of the technique; (2) prior application of the method to the type of evidence involved in the case; (3) the quality control procedures used to ensure reliability; and (4) the consistency of the method with recognized scientific laws and procedures.'" (footnote omitted) (quoting *State v. Council*, 335 S.C. 1, 19, 515 S.E.2d 508, 517 (1999))); *Bilton*, 432 S.C. at 162, 851 S.E.2d at 444 ("The [PPG] test is controversial and has been criticized for a lack of standardization and for being subject to manipulation."); *id.* at 162-63, 851 S.E.2d at 444 ("[W]ith limited exceptions . . . courts have 'uniformly' declared that PPG test results are 'inadmissible as evidence because there are no accepted standards for this test in the scientific community.'" (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1266 (9th Cir. 2000))).

Moreover, we hold admitting the testimony about Gregg's PPG test results was not harmless error because the testimony was before a jury, it was extensive, the State's expert called the PPG an "objective" way of determining what sexually arouses a male, and the State emphasized the PPG in its closing, stating "his body can't lie." *See Gonzalez*, 409 S.C. at 636, 763 S.E.2d at 217 ("A fundamental principle of appellate procedure is that a challenged decision must be both erroneous and prejudicial to warrant reversal."); *id.* ("Error is harmless where it could not have

reasonably affected the result of the trial." (quoting *Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009))); *Bilton*, 432 S.C. at 164, 851 S.E.2d at 445 ("Some jurisdictions have held that an expert may rely on a PPG as a basis for the expert's opinion but have expressly declined to consider whether the test results should be disclosed to the jury given the special weight the jury is likely to afford things that have the appearance of scientific evidence."); *id.* at 168, 851 S.E.2d at 447 ("[W]e cannot fairly say that beyond a reasonable doubt, the PPG test results did not contribute to the jury's verdict[ because they] were presented as empirical proof that [the appellant] had deviant sexual attractions and as a material factor for the jury to consider.").

**REVERSED AND REMANDED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.